**SO ORDERED.**

**SIGNED this 01 day of October, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

**IN RE:**

| | |
|---|---|
| **MICHAEL LYNN KIRKBRIDE and DELORES AVOLINE KIRKBRIDE,** | Case Number: 08-00120-8-JRL<br>Chapter 11 |
| Debtors. | |
| **ALAN VOTTA CONSTRUCTION, INC.,** | Adversary Proceeding Number<br>08-00211-8-AP |
| Plaintiff, | |
| **MICHAEL LYNN KIRKBRIDE and DELORES AVOLINE KIRKBRIDE,** | |
| Defendants. | |

### ORDER

This matter came before the court on the plaintiff's motion for extension of time to file notice of appeal. On September 14, 2009, the court conducted a telephonic hearing in Raleigh, North Carolina.

### Background

The debtors, defendants in this adversary proceeding, filed a petition under Chapter 11 of

the United State Bankruptcy Code on January 8, 2008. At the commencement of the bankruptcy case, a state civil court action was pending between the plaintiff and the defendants, which was removed to the bankruptcy court on October 7, 2008. By order and judgment entered on August 13, 2009, the court granted the defendants' motion for summary judgment, thereby requiring the plaintiff to return to the defendants the sum of $75,000.00 in earnest money. Docket entries 35 and 36, the order and judgment respectively, contain the "filed" date of August 13, 2009, the "entered" date of August 13, 2009, and the appeal deadline of August 24, 2009, on the face of both entries. Each document also bears the August 13, 2009, date prominently at the top of the page. Counsel for all parties were notified electronically of the entry of the order, the judgment, and of the appeal deadline on August 24, 2009. Copies of the order and judgment were served by mail on August 15, 2009. The plaintiff filed a notice of appeal from the August 13 order and a motion for extension of time to file notice of appeal on August 25, 2009.

## Analysis

Bankruptcy Rule 8002(a) provides that a notice of appeal "shall be filed with the clerk of the court within ten days of the date of the entry of the judgment, order, or decree appealed from." FED. R. BANKR. P. 8002(a). It is well established that the ten day period begins to run upon entry of the judgment or order and not from the date of service of the notice. See, e.g., In re Roasters Corp. No. 98-80704C-11D, 2000 WL 33673776, 2000 Bankr. Lexis 1916 (Bankr. M.D.N.C. 2000) (citing 10 Collier on Bankruptcy, § 9006.2 (15th ed. 1999)). Ten days from the entry date was Sunday, August 23, 2009. Under Rule 9006(a), when the last day prescribed for an act falls on a Sunday, the period runs until the end of the next day. FED. R. BANKR. P. 9006(a). Therefore, the time for filing the notice of appeal ran through Monday, August 24,

2009.  The plaintiff's notice of appeal was filed on Tuesday, August 25, 2009.

Counsel for the plaintiff ("Nash") explains the untimeliness by stating that his office staff miscalculated the deadline while he was away on vacation.  Nash admits to receiving notice of entry of the order and judgment prior to going on vacation Thursday, August 20, 2009.  He did not ensure that the notice was filed before leaving, just four days shy of the deadline, but instead left instructions to file the notice in his absence.  A staff member claims to have calculated the filing period based on the docket entry for the certificate of mailing, entry number 37, which was filed on August 15, but contains the "entered" date of August 16, under the mistaken belief that the order and judgment were entered on that date.  Nash argues that this constitutes excusable neglect.

Bankruptcy Rule 8002(c) permits a bankruptcy judge to extend the time for filing a notice of appeal for up to twenty days, if the request is made within twenty days of the expiration of the time for filing such notice of appeal, and then only upon a showing of excusable neglect. FED. R. BANKR. P. 8002(c).  The plaintiff's motion for extension of time was filed within the twenty day period, and therefore may be granted if the plaintiff can demonstrate that the lateness was due to excusable neglect.  When determining whether a showing of excusable neglect has been made in the context of an untimely filed notice of appeal, the Fourth Circuit has routinely relied on the two-prong test set forth by the Supreme Court in Pioneer Investment Services v. Brunswick Associates, 507 U.S. 380 (1993).  Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 533 (4th Cir. 1996) (applying the Pioneer standard to Federal Rule of Appellate Procedure 4(a)(5)); In re Roasters Corp. 2000 WL 33673776, 3 (Bankr. M.D.N.C. 2000) (applying the Pioneer standard to Bankruptcy Rule 8002); In re Springfield Contracting Corp.,

156 B.R. 761, 762 (Bankr. E.D. Va. 1993) (applying the Pioneer standard to Bankruptcy Rule 8002).  First, the court must determine whether the failure to timely file the notice of appeal was due to neglect, then it must determine whether the neglect is excusable. Pioneer, 507 U.S. at 388, 395.

Neglect is defined by the Supreme Court with reference to Webster's Dictionary as "to leave undone or unattended to especially through carelessness," and includes situations where a party misses a deadline through "inadvertence, miscalculation, or negligence." Id. at 388.  Whether neglect rises to the level of "excusable neglect" is an equitable determination that takes account of all of the relevant circumstances, including:

> the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Id. at 395.  Under Pioneer, excusable neglect is an "elastic concept" that rejects the requirement that the delay must have been caused by circumstances beyond the movant's control, but one that generally does not include "inadvertence, ignorance of the rules, or mistakes construing the rules." Id. at 392 (see also  Thompson, 76 F.3d at 533; Roasters, 2000 WL 33673776 at 4; Springfield Contracting, 156 B.R. at 765-66.  Additionally, the Court specifically noted that a client must be held responsible for the any neglect by its attorney.

In applying the equitable standard set forth in Pioneer to the plaintiff's untimely notice of appeal, this court must balance the interests of the parties along with the public interest in bringing an end to the litigation.  Springfield Contracting, 156 B.R. at 767.  Nash's excuse for the late filing appears to have been caused by inadvertence, miscalculation or neglect, and thus satisfies the first prong of the test.  It weighs in favor of the plaintiff that the delay in filing was

only one day and that Nash acted in good faith.  The record does not show that the defendants will be prejudiced other than by litigating an appeal, which would result in significant additional expenses and a substantial delay in remitting the $75,000 to the estate.  Allowing this untimely notice of appeal would impact the judicial proceedings by continuing litigation on a matter that would otherwise come to an end.

   Finally, the Fourth Circuit identifies the most important factor in Pioneer for determining whether neglect is excusable as the reason for the delay.  Thompson, 76 F.3d at 534.  In Thompson v. E.I. DuPont, the court declined to find excusable neglect where "the neglect at issue . . . is nothing more than inexcusable, run-of the-mill inattentiveness by counsel."  Id. at 535.  In Thompson the late filing resulted from a delay in mail delivery.  The Bankruptcy Court for the Middle District of North Carolina followed Thompson in holding that "the fact that an attorney is out of the office when an order or judgment is received by the law firm does not require a finding of excusable neglect."  Roasters, 2000 WL 33673776 at 4 (citing Pioneer, "in assessing the culpability of the respondent's counsel, we give little weight to the fact that counsel was experiencing upheaval in his law practice").  Nash was well aware of the deadline for filing the appeal prior to leaving for vacation.  He received notice of the entry of the order and judgment both electronically and by mail before departing.  The deadline for filing a notice of appeal was conspicuously noted on the face of the docket and on the electronic notification.  The untimely filing was caused by a flagrant computational error that multitudes of cases have held does not rise to the level of excusable neglect.

5

Based on the foregoing, the plaintiff's motion for extension of time to file notice of appeal  is DENIED.

**"END OF DOCUMENT"**