**SO ORDERED.**

**SIGNED this 02 day of February, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | |
| MICHAEL L. KIRKBRIDE<br>DOLORES A. KIRKBRIDE, | Case Number: 08-00120-8-JRL<br>Chapter 11 |
| Debtors. | |
| ALAN VOTTA CONSTRUCTION,<br>INC., | Adversary Proceeding Number<br>08-00211-8-AP |
| Plaintiff, | |
| MICHAEL L. KIRKBRIDE and<br>DOLORES A. KIRKBRIDE, | |
| Defendants. | |

_____

ORDER REQUESTING REMAND

This matter came before the court on the debtors' motion for an order regarding additional earnest money deposits. A hearing was held on January 19, 2010, in Wilmington, North Carolina.

BACKGROUND

This court, by its order and judgment dated August 13, 2009, granted the debtors' motion

for summary judgment. The court found that purchase agreements entered into by the Kirkbrides and Alan Votta Construction, Inc. were subject to a financing condition. The condition, having failed, resulted in unenforceable agreements under which the debtors were entitled to the return of all escrow monies. A total of $75,000.00 in earnest money was ordered returned to the debtors. The deadline for appeal was August 24, 2009.

On August 25, 2009, the plaintiff entered a notice of appeal along with a motion to extend the time for filing under a theory of excusable neglect. On September 14, 2009, the court held a telephonic hearing on the motion to extend. Finding that the computational error which led to the late filing did not rise to the level of excusable neglect, this court verbally denied the motion to extend. A written order to the same effect was entered on October 1, 2009. Prior to the written order, on September 22, 2009, the plaintiff appealed the denial of the motion to extend. The appeal remains pending.

At the hearing, the debtors requested clarification of the August 13, 2009 order. As the order reads, the debtors are entitled to a return of escrow monies in the amount of $75,000.00. This number was based on the contracts of sale introduced as exhibits at the hearing. However, the debtors assert that the total amount of escrow monies paid was $105,000.00, not $75,000.00. Initial earnest money deposits were made in the amount of $75,000.00: $30,000.00 for 103 N. Seahorse Place; $30,000.00 for 109 N. Seahorse Place; and $15,000.00 for 105 Spencer Farlow Drive. At a later date, additional earnest money deposits totaling $30,000.00 were made for the N. Seahorse Place properties: $15,000.00 for 103 N. Seahorse; and $15,000.00 for 109 N. Seahorse. The debtors, therefore, seek to determine if in fact they are owed $105,000.00 in its entirety, or if the court meant to limit their recovery to the initial deposit amount of $75,000.00.

Alan Votta does not dispute that this amount of earnest money was paid, nor that its recovery was sought in the motion for summary judgement.

## ANALYSIS

Federal Rule 60(a) governs when relief from a judgment should be granted based on clerical mistakes, oversights, and omission. Rule 60 is applicable in this case as incorporated by Bankruptcy Rule 9024. In practice, Rule 60(a) is fitting when the court intended one result but due to the mistake ordered another. In re Roasters Corp., 2000 Bankr. LEXIS 1915, *7 (Bankr. M.D.N.C. 2000). If however, the intent of the court is intact and the judgment merely suffers from an error, Rule 60(a) is an improper means of relief. Id. at *8 (*citing* United States v. Griffin, 782 F.2d 1393, 1396-97 (7th Cir. 1986)).

Here, it was the intention of this court that all escrow monies should be returned in light of the failed financing condition. However, because the second set of earnest money deposits was inadvertently omitted from the calculations in the order and judgment of August 13, 2009, the resulting order served to return only $75,000.00 to the debtors. Were the order to have reflected the true intention of this court, it would have read that the plaintiff shall return to the debtors a total amount of $105,000.00. This court is inclined to correct the omission so that the intended result is the actual result. However, with an appeal pending, this court cannot outrightly exercise its jurisdiction to correct the clerical mistake. "To do so would violate the prohibition of two courts exercising jurisdiction over the same matter." Angell v. Echols, 2009 Bankr. LEXIS 840, *3 (*citing* Fobian v. Storage Tech. Corp., 164 F.3d 887 ( 4th Cir. 1999)). Correcting a mistake pursuant to Rule 60(a) while an appeal is pending requires leave from the appellate court. Fed. R. Civ. P. 60(a).

Therefore, based on the foregoing, relief from the U.S. District Court for the Eastern District of North Carolina is requested so that this court may include the omitted escrow monies and grant the relief it intended. The interests of judgment suggest that this matter should be remanded to the undersigned for entry of an amended judgment.

END OF DOCUMENT