UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CV-88-BO

| | | |
|---|---|---|
| ALAN VOTTA CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | O R D E R |
| MICHAEL LYNN KIRKBRIDE and | ) | |
| DELORES AVOLINE KIRKBRIDE, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

This matter is before the Court on Alan Votta Construction, Inc.'s appeal of an Amended

Order and Judgement by the United States Bankruptcy Court. The Bankruptcy Court's Amended

Order granted defendants' motion for summary judgment and ordered the plaintiff/appellant to

pay to defendants/appellees a total sum of $105,000.00. For the following reasons, the

Bankruptcy Court's Order of August 13, 2009 is AFFIRMED in part and REVERSED and

REMANDED. The Judgement of the Bankruptcy Court entered March 1, 2010 is VACATED.

INTRODUCTION

From February 2004 through January 2005 Michael and Delores Kirkbride ("the

Kirkbrides") entered into contracts with Alan Votta Construction, Inc. ("AVC") for the

construction, sale and purchase of residential homes in the towns of Kure Beach and Carolina

Beach, North Carolina. Three of those contracts are involved in this action: 103 N. Seahorse

Place, 109 N. Seahorse Place, and 405 Spencer Farlow Drive. The Contracts were uniform

purchase agreements that included blank spaces for certain terms to be completed.  Each Contract included a paragraph indicating that the Defendants must be able to obtain financing, and each of those paragraphs was a condition precedent to the performance of the Defendants.

The Defendants contacted their mortgage broker, Mark Monroe at American Harbor Mortgage Company, in March or April of 2006, regarding financing for the real property located at 405 Spencer Farlow Drive.  The Kirkbrides had used American Harbor Mortgage to seek financing from various lenders on several occasions for other real estate purchases, and Monroe was familiar with the Kirkbrides' financial affairs.  On April 13, 2006, the Kirkbrides received a letter from Monroe stating that they had been denied financing for the real property located at 405 Spencer Farlow Drive.  The letter stated that the Kirkbrides were denied financing because of the number of properties they owned and because of insufficient reserves.

The Kirkbrides informed Teri Trefftzs, who was the Kirbrides' and AVC's real estate agent, that they were unable to obtain financing.  On or about April 13, 2006, AVC received written notice that, despite the Kirkbrides' best efforts, they were unable to obtain the loan required as a condition in the contract related to sale of 405 Spencer Farlow Drive.  Armed with the knowledge that the Kirkbride's would not or could not close on the three properties, in April 2006, AVC listed all three properties for sale.

AVC sued the Kirkbrides in state court for breach of one of the contracts on June 5, 2007. The Kirkbrides filed an Answer and Counterclaim on August 6, 2007, denying they had breached the contract and alleging that AVC had breached that contract and two others.  The Kirkbrides demanded a return of deposits made with AVC at the time the three disputed contracts were executed.

2

On October 3, 2007, AVC filed a reply to defendant's counterclaim, denying that it had breached the other two contracts, and asserting a counterclaim against the Kirkbrides alleging a breach of those two contracts.

Thus, as of October 3, 2007, the Kirkbrides and AVC had asserted that their contractual counter-parties breached the three contracts for purchase, construction and sale of 103 N. Seahorse Place, 109 N. Seahorse Place, and 405 Spencer Farlow Drive.

On January 8, 2008 the Kirkbrides filed a petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §301(a), 11 U.S.C. §§1101 et seq. (2010), and since October 7, 2008, AVC and the Kirkbrides have continued to litigate their respective claims in an adversary proceeding pursuant to the provisions of 28 U.S.C.§ 157, 11 U.S.C. §105 and Rules 7001-87 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. §§ 7001-87 (2010).

On June 2, 2009, the Kirkbrides filed a motion for summary judgment, which the Bankruptcy Court granted by an Order and Judgement entered on August 13, 2009. The Bankruptcy Court's August 13, 2009 Order directed AVC to return to the Kirkbrides $75,000.00.

After this Court granted its request for remand and leave, the Bankruptcy Court vacated its August 13, 2009 Judgement and directed the Clerk to enter a new judgement; that new judgement, entered on March 1, 2010, directed AVC to return a total of $105,000.00 to the Kirkbrides.

On March 9, 2010, AVC filed a Notice of Appeal from the Bankruptcy Court's August 13, 2009 Order, as amended by its March 1,2010 Order, and the Bankruptcy Court's March 1, 2010 Judgment in the adversary proceeding and a Motion to Stay enforcement of such

Orders and Judgment pending appeal.  The appeal is now ripe for ruling.

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158.  A Bankruptcy Court's findings of fact shall not be set aside unless clearly erroneous.  *In re Bryson Properties, XVIII*, 961 F.2d 496, 499 (4th Cir.1992).  Conclusions of law are reviewed de novo.  *In re Apex Express Corp.*, 190 F.3d 624, 630 (4th Cir.1999); *Continental Casualty Co. v. York*, 205 B.R. 759, 762 (E.D.N.C.1997).

## DISCUSSION

On appeal AVC contends (1) the Bankruptcy Court erred in finding the Kirkbrides took reasonable steps to acquire financing to purchase the three properties at issue; (2) the Bankruptcy Court erred in finding the Kirkbrides were unable to meet the financing conditions contained in the three contracts at issue; (3) the Bankruptcy Court erred in finding the Kirkbrides reasonably believed the disputed contracts were null and void; and (4) the Bankruptcy court erred in finding the Kirkbrides are entitled to a return of $105,000.00 from AVC.

AVC's first argument attacks the Bankruptcy Court's conclusion that the Kirkbrides took reasonable steps to acquire financing. A contract for conveyance of real estate that conditions the transaction on obtaining financing also "includes the implied promise that the purchaser will act in good faith and make a reasonable effort to secure the financing." *Smith v. Currie*, 40 N.C. App. 739, 742, 253 S.E.2d 645, 647 (1979).  To determine whether this implied covenant has been satisfied at the summary judgment stage, the court must determine that the defendant, as movant, "has met his burden of showing that he acted in good faith and made reasonable efforts

4

in his unsuccessful attempt to obtain financing and consequently that there is no genuine issue as to any material fact and he is entitled to judgment as a matter of law." *Id.*

The Bankruptcy Court made findings of fact and conclusions of law after a thorough review of the record. In particular, the court outlined the steps the Kirkbrides took to attain financing for the Spencer Farlow Drive property. The Court concluded, based on the evidence before it, that "there [was] no indication...that the debtors acted in bad faith; and, by all accounts, their efforts were reasonable."

After a thorough review of the record, the Court cannot conclude that the Bankruptcy Court's findings of fact and conclusions of law warrant reversal. The record establishes that the Kirkbrides' actions were reasonable under the circumstances and that summary judgment was properly granted in their favor. The mere fact that the Kirkbrides did not submit individual applications for each subject property does not, as AVC seems to contend, lead to the conclusion that the Kirkbrides acted unreasonably. After entering the Contracts at issue, the Kirkbrides diligently dispatched Monroe–who was familiar with the Kirbrides' financial situation and who had the relevant documentation on hand–to secure financing for the Spencer Farlow Drive property. Shortly thereafter, Monroe informed the Kirkbrides that they would not be able to qualify for a loan for the loan. Monroe, as a mortgage broker, had every incentive to search far and wide for a possible financing package. He was, however, not fruitful in his search.

As the Bankruptcy Court noted, Spencer Farlow Drive was the least expensive of the three properties at issue; the failure to obtain financing for that property compels the conclusion that financing for the other properties would be denied on similar grounds. Given the lending requirements and the financial circumstances of the Kirbrides, the Kirkbrides fulfilled their duty

5

to make a reasonable and honest attempt to secure financing.

AVC asserts that the Kirkbrides owned other assets that they could have sold in order to meet lending requirements. But this fact, even if true, is irrelevant. The Kirkbrides were not, pursuant to the terms of the Contracts, required to liquidate assets in order to close on the properties at issue. All that was required was a reasonable, honest attempt to gain financing. Financing conditions are meant to provide some measure of protection to a buyer. That protection would be meaningless, however, if a buyer were required to alter his position with respect to his other assets as AVC contends.

The next contention raised by AVC on appeal is that the Bankruptcy Court erred in finding the Kirkbrides were unable to meet the financing conditions in the three contracts at issue. AVC's contentions are without merit. As explained, *supra*, the Kirkbrides acted reasonably and in good faith in their attempts to secure financing for the purchase of the three properties at issue. These reasonable attempts, through no fault of the Kirkbrides, were not fruitful. The record thus supports the Bankruptcy Court's conclusion that the Kirkbrides' were unable to meet the financing conditions in the three contracts at issue and there is, consequently, no just reason to disturb the Bankruptcy Court's conclusion on appeal.

Notwithstanding the foregoing, AVC is correct in its final contention; the Bankruptcy Court erred in finding, as a matter of law, that the Kirkbrides are entitled to a return of the $105,000 paid to AVC. AVC has raised a genuine issue of material fact as to whether the deposits paid by Kirkbrides were "earnest money deposits" subject to refund upon certain contractual conditions being met, or whether the deposits were non-refundable money deposits that became the rightful property of AVC after a certain date. All three of the contracts at issue

6

had stricken the word "EARNEST" and either referred to "MONEY DEPOSIT" or simply "DEPOSIT." Moreover, the depositions and affidavits in the record establish the parties' conflicting understandings of how the deposited money was to be treated in the event that the properties were not ultimately sold to the Kirkbrides. By affidavit, Alan Votta contended "it had always been the agreement between [the Kirkbrides] and me that once I had purchased the lots, there could be no refund on the deposits." In contrast, Delores Kirkbide, in her deposition, gave an opaque explanation of the parties' intentions regarding the disputed money paid to AVC. Given the evidence of record, a reasonable juror could rationally rule in favor of AVC at this stage of the proceeding. Thus, there exists at least one genuine issue of material fact and summary judgment in favor of the Kirbrides is not warranted as a matter of law.

## CONCLUSION

In sum, the Bankruptcy Court was correct in finding (1) the Kirkbrides took reasonable steps to acquire financing to purchase the three properties at issue; (2) the Kirkbrides were unable to meet the financing conditions contained in the three contracts at issue; and, (3) the Kirkbrides reasonably believed the disputed contracts were null and void. With respect to these matters the Order of Bankruptcy Court of August 13, 2009 is AFFIRMED in PART. However, the Bankruptcy court erred in finding the Kirkbrides are entitled to a return of $105,000.00 from AVC. Accordingly, the Judgement of the Bankruptcy Court dated March 1, 2010 is VACATED. This matter is REMANDED to the Bankruptcy Court for further proceedings consistent with this opinion.

SO ORDERED.

This _15_ day of October, 2010.


TERRENCE W. BOYLE

UNITED STATES DISTRICT JUDGE