**SO ORDERED.**

**SIGNED this 07 day of April, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WILMINGTON DIVISION

IN RE:

| | |
|---|---|
| **MICHAEL LYNN KIRKBRIDE** and **DOLORES AVOLINE KIRKBRIDE,** | **CASE NO. 08-00120-8-JRL** **CHAPTER 11** |
| DEBTORS. | |

**ALAN VOTTA CONSTRUCTION, INC.,**

| | |
|---|---|
| Plaintiff, | **ADVERSARY PROCEEDING** |
| vs. | **NO. 08-00211-8-JRL** |
| **MICHAEL L. KIRKBRIDE** and **DOLORES A. KIRKBRIDE,** | |
| Defendants. | |

## ORDER

This matter is before the court on remand from the United States District Court for the Eastern District of North Carolina. A trial was held on March 15, 2011, in Wilmington, North Carolina.

The bankruptcy court's judgment was entered on August 13, 2009 and appealed to the district court. The judgment was affirmed in part and remanded to decide the issue of whether defendants Michael and Dolores Kirkbride ("the Kirkbrides") are entitled to the return of

$105,000.00 paid to plaintiff Alan Votta Construction Inc. ("Alan Votta"). In particular, the district court held that there is a genuine issue of material fact as to whether deposits paid by the defendants were earnest money deposits subject to refund. Alan Votta Constr., Inc. v. Kirkbride, No. 7:10-CV-88-BO, at 6 (E.D.N.C. Oct. 15, 2010).

## BACKGROUND

During the period of time between February 2004 through January 2005, the Kirkbrides entered into agreements with Alan Votta. The agreements were for the construction, sale, and purchase of residential homes in the towns of Kure Beach and Carolina Beach, North Carolina. The nature of the agreements entailed Alan Votta purchasing land and constructing residential homes thereon. When certificates of occupancy were issued, the Kirkbrides would obtain financing to purchase the homes from Alan Votta as development property, intending to resell the properties. In total there were agreements for the construction, sale, and purchase of six single-family homes. Three of the six contracts are involved in this action: 103 N. Seahorse Place, 109 N. Seahorse Place, and 405 Spencer Farlow Drive ("the disputed contracts").

In April 2006, the Kirkbrides learned they could not obtain the requisite financing to purchase these homes from Alan Votta for two reasons: 1) they concurrently owned too many other properties, and 2) there were insufficient reserves. After learning of the Kirkbrides' inability to obtain financing, Alan Votta listed the three properties for sale. Two of the three properties were sold to third party purchasers for less than the original purchase agreement price. The Kirkbrides filed for relief under chapter 11 of the Bankruptcy Code on January 8, 2008.

## PROCEDURAL BACKGROUND

Alan Votta sued the Kirkbrides in state court in June 2007. After responsive pleadings

and counterclaims were filed, each party asserted the other had breached the three disputed contracts.  After the filing of the Kirkbrides' bankruptcy petition, the parties brought the litigation into this court's jurisdiction as an adversary proceeding to which the Kirkbrides filed a motion for summary judgment. On August 13, 2009, the bankruptcy court found that the disputed contracts were each subject to the condition precedent that the Kirkbrides acquire financing to purchase the properties after using their best efforts to secure loans.  Alan Votta Construction, Inc. v. Kirkbride, AP No. 08-00211-8-JRL, at 7 (Bankr. E.D.N.C. Aug. 13, 2009). The bankruptcy court also found that the Kirkbrides had used their best efforts to obtain financing, but were unable to do so.  Id.  As a result of the failed condition, the contract was found to be unenforceable, entitling the Kirkbrides to the return of their deposits.  Id.

On appeal, the district court affirmed the bankruptcy court's findings as to the Kirbrides' reasonable efforts to obtain financing.  However, the district court found that based on the language in the contracts, there was a genuine issue of material fact as to whether the deposits were earnest money deposits that were refundable in light of the unfulfilled condition precedent or whether the deposits became non-refundable after a certain date.  Alan Votta Constr., Inc. v. Kirkbride, No. 7:10-CV-88-BO, at 6 (E.D.N.C. Oct. 15, 2010).

## DISCUSSION

North Carolina tenets of contract interpretation hold that where the plain language of a contract is clear, the intention of the parties is inferred from the words of the contract.  Strong's North Carolina Index 4th, Contracts §53 (citing Lake Mary Ltd. P'ship v. Johnston, 551 S.E.2d 546 (N.C. App. 2001), review denied, 354 N.C. 363, 557 S.E.2d 538 (2001)).  Where the terms of a written contract are unambiguous, the court cannot consider parol evidence or other

extrinsic evidence.  <u>First-Citizens Bank & Trust Co. v. 4325 Park Road Assocs., Ltd.</u>, 133 N.C. App. 153, 515 S.E.2d 51 (1999).  Interpretation of an unambiguous contract is a matter of law determined by the court.  <u>Barrett Kays & Assocs, P.A. v. Colonial Bldg. Co., Inc. of Raleigh</u>, 129 N.C. App. 525, 500 S.E.2d 108 (1998).

The disputed contracts are standard offer to purchase contracts approved by the North Carolina Bar Association and North Carolina Association of Realtors.  The issue of whether the deposits are refundable arises because some of the language in the form was struck through by the parties.  The first two of the three disputed contracts have matching "strike throughs" in paragraph four, which concerns the earnest money deposit.  In these two contracts, the word "earnest" has been struck through such that only the words "money deposit" remain. The words "escrow agent" as a descriptor of Alan Votta Construction, Inc have also been struck.  Taking out these cancelled words, the paragraph regarding the deposit reads as follows:

> $30,000.00, MONEY DEPOSIT with this offer by personal check to be deposited and held in escrow by Alan Votta Construction, Inc. until the sale is closed, at which time it will be credited to the Buyer, or until this contract is otherwise terminated.  In the event: (1) this offer is not accepted; or (2) any of the conditions hereto are not satisfied, then all earnest monies shall be returned to Buyer.  In the event of breach of this contract by Seller, upon Buyer's request, all earnest monies shall be returned to Buyer, but such return shall not affect any other remedies available to Buyer for such breach.  In the event this offer is accepted and Buyer breaches this contract, then all earnest monies shall be forfeited upon Seller's request, but receipt of such forfeited earnest monies shall not affect any other remedies available to Seller for such breach.  NOTE: In the event of a dispute between Seller and Buyer over the return or forfeiture of earnest money held in escrow by a broker, the broker is required by state law to retain said earnest money in the broker's trust or escrow account until a written release from the parties consenting to its disposition has been obtained or until disbursement is ordered by a court of competent jurisdiction.

In the third contract, which differs slightly from the first two, the words "earnest money" have been struck through and the word "deposit" remains in the paragraph regarding the deposit.  The

4

term "Escrow Agent" as a descriptor of Alan Votta Construction, Inc. remains. It reads as follows:

> $15,000.00, DEPOSIT with this offer by personal check to be deposited and held in escrow by Alan Votta Construction, Inc. ("Escrow Agent") until the sale is closed, at which time it will be credited to the Buyer, or until this contract is otherwise terminated. In the event: (1) this offer is not accepted; or (2) any of the conditions hereto are not satisfied, then all earnest monies shall be returned to Buyer. . . .

The remainder of the paragraph is identical to the paragraph quoted above.

The only other provision in all three contracts that might shed light on the purpose of the deposit is Addendum C, entitled "New Construction Deposit." The first two disputed contracts have an "Addendum C," but the third does not. Addenda C to the first two contracts are identical. They state that if the Builder does not close on the lots upon which the construction is to take place within 30 days, "this Offer to Purchase shall become Null and Void and deposit shall be returned to Buyers." There is no other language indicating a condition upon which the deposit would become non-refundable or describing the deposit as non-refundable.[1]

Examining the four corners of the disputed contracts, the court finds the terms regarding the deposits to unambiguously indicate that the deposits were refundable to the Kirkbrides in the event the conditions of the contract were not fulfilled. Although the initial description of the deposit does not include the term "earnest," it is nonetheless described as a "deposit" or "money deposit" that is immediately thereafter and repeatedly referred to as "earnest monies" to be returned or forfeited based on various circumstances. Of most importance to the parties is the

---

[1] At the hearing, the parties admitted prior contracts into evidence, some of which included a triggering date or condition, explicitly stating that the deposit would become "non-refundable" upon that date or condition in a similar Addendum C. Clearly, these sophisticated parties knew how contractually to make a deposit non-refundable if that was their mutual intent.

circumstance in which "any of the conditions hereto are not satisfied." Here, the Kirkbrides were unable to satisfy the condition precedent of obtaining financing. In this event, the contract states, "all earnest monies shall be returned to Buyer."

The court recognizes that at the summary judgment phase, the issue of whether the deposits were refundable was a genuine one of material fact, as found by the district court. However, after trying the issue on remand, the court finds the terms of the contract are unambiguous and thus not open to interpretation based on extrinsic evidence. As such, the contracts dictate that the deposits, totaling $105,000.00, must be refunded to defendants Michael and Dolores Kirkbride.

**END OF DOCUMENT**